American Youth Dance Theater, Inc. v 4000 E. 102nd St. Corp. (2021 NY Slip Op 00382)





American Youth Dance Theater, Inc. v 4000 E. 102nd St. Corp.


2021 NY Slip Op 00382


Decided on January 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 26, 2021

Before: Gische, J.P., Kern, Moulton, Shulman, JJ. 


Index No. 650052/17 Appeal No. 12963 Case No. 2020-01869 

[*1]American Youth Dance Theater, Inc., Plaintiff-Respondent,
v
4000 East 102nd Street Corp., Defendant-Appellant.


Cyruli Shanks Hart & Zizmor, LLP, New York (James E. Schwartz of counsel), for appellant.
Barclay Damon LLP, New York (Lauren J. Wachtler of counsel), for respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about March 4, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment and granted plaintiff's renewed motion for summary judgment permanently enjoining defendant from terminating the parties' commercial lease and from seeking to recover possession of the demised premises, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
Defendant is not entitled to summary judgment because plaintiff's failure to secure a certificate of occupancy (C/O) that would permit use of the leased premises as a physical cultural establishment is curable (see American Youth Dance Theater, Inc. v 4000 E. 102nd St. Corp., 140 AD3d 630 [1st Dept 2016]). Plaintiff proceeded diligently and secured a building permit for the necessary renovations, and the time set by the Board of Standards and Appeals to secure a C/O upon completion of these renovations in accordance with the granted variance has not expired. Thus, plaintiff is still "able to bring itself into compliance with the lease without vacating the premises" (Empire State Bldg. Assoc. v Trump Empire State Partners, 245 AD2d 225, 229 [1st Dept 1997]).
However, plaintiff is not entitled to summary judgment, because it has not shown that its renovation project has been completed or that the Department of Buildings has certified completion and issued a C/O. Contrary to plaintiff's contention, under the lease rider and lease amendment, it is required to obtain the C/O and, if it fails to do so, defendant has the right to complete construction and obtain the C/O as plaintiff's agent and at plaintiff's expense, unless defendant caused the failure to obtain a C/O. Plaintiff's interpretation would render the relevant provisions meaningless (see Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]). Further, under applicable law, a new C/O is required, because the approved plans change the use and occupancy and are inconsistent with the current C/O (Administrative Code of City of NY §§ 28-118.3.1; 28-118.3.2), plaintiff is permitted to apply for a C/O as authorized by defendant (Administrative Code § 28-118.4.1), and, in the circumstances, a partial C/O is not permitted (Administrative Code §§ 28-118.3.4.2; 28-118.16.1; 28-118.16.2; 28-118.20). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2021